UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | No. 5:12-CR-29-JMH-REW |
| | ) | No. 5:16-CV-316-JMH-REW |
| v. | ) | |
| | ) | |
| ALLISON RENEE GILLISPIE, | ) | RECOMMENDED DISPOSITION |
| | ) | |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Movant, Allison Renee Gillispie, is a federal inmate. DE #126 (Motion). On August 17, 2016,[1] Gillispie filed a *pro se*[2] motion nominally under 28 U.S.C. § 2255. *See id.* The Court has conducted an initial review of the filing. Although styled as a § 2255 motion, the substance really is a request for resentencing under 18 U.S.C. § 3582(c)(2). Properly construed, such a claim is not § 2255 material. The Court thus **RECOMMENDS** that the District Judge recharacterize the motion and address the resentencing merits. Because Gillispie seeks relief under a Guideline Amendment (No. 794) inapplicable to her, the District Court should **DENY** resentencing.

---

[1] This filing date reflects the prison mailbox rule, charitably construed. *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (*per curiam*). Here, Gillispie certified that she mailed the § 2255 motion on August 17, 2016. DE #126, at 2.

[2] *Pro se* petitions receive a comparatively lenient construction by the Court. *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a *pro se* habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)).

## I.      BACKGROUND INFORMATION

On March 1, 2012, a federal grand jury indicted Gillispie, among others, for one count of conspiring to distribute and possess with the intent to distribute Oxycodone and two counts of distributing Oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) and 846. DE #1 (Indictment). Gillispie pleaded guilty to Count 1, pursuant to a plea agreement, on June 25, 2012. DE ##55 (Minute Entry); 62 (Plea Agreement). Judge Hood sentenced Gillispie on October 1, 2012. DE #87 (Minute Entry). She received a total prison sentence of 97 months, followed by 5 years of supervised release. DE #92 (Judgment). Gillispie did not appeal the Judgment, but later filed two motions "for reconsideration," which the District Court denied. DE ##95, 97 (Orders). Movant appealed; the Sixth Circuit affirmed. DE #105 (Sixth Circuit Order). Gillispie has since filed a few other meritless motions as well. Gillispie now seeks a sentence reduction based on U.S.S.G. Amendment 794. The request, as presented, is not § 2255 subject matter; the Court, in an effort to resolve the motion efficiently, recommends recharacterization and rejection of the meritless § 3582 application.

## II.     ANALYSIS

In the nominal § 2255 motion, Gillispie requests a sentence reduction based on U.S.S.G. Amendment 794. That Amendment modified the commentary to U.S.S.G. § 3B1.2, the mitigating role adjustment. *See United States v. Gomez-Valle*, ___ F.3d ___, No. 15-4115, 2016 WL 3615688, at *3 (5th Cir. July 5, 2016).

A motion under 18 U.S.C. § 3582(c)(2), not 28 U.S.C. § 2255, is the correct mechanism by which to pursue sentence reduction under amendments to the Sentencing Guidelines. *See* U.S.S.G. § 1B1.10(a)(1); *Newby v. United States*, Nos. 4:07-CR-51-FL-1,

4:12-CV-42-FL, 2013 WL 7098720, at *5 (E.D.N.C. Mar. 19, 2013) ("Courts recognize that a motion pursuant to 18 U.S.C. § 3582(c) is the appropriate motion to be made for a sentence reduction based on a Guideline amendment, not a motion to vacate under 28 U.S.C. § 2255.") (citation, internal quotation marks, and alterations omitted); *see also United States v. Jones*, 143 F. App'x 527, 527 (4th Cir. 2005) ("A motion under § 3582(c)(2) is a post-conviction remedy for an improperly computed sentence that is separate and distinct from a § 2255 motion.")

Accordingly, in an effort to adjudicate the motion fairly and efficiently, the Court recommends the District Court treat the § 2255 motion as, in actuality, a motion to reduce sentence under 18 U.S.C. § 3582(c)(2). *See United States v. McDonald*, 326 F. App'x 880, 882 (6th Cir. 2009) (permitting liberal construction of "post-judgment filings of *pro se* criminal defendants for efficiency's sake and out of a sense of fairness to *pro se* petitioners") (citation and internal quotation marks omitted); *see also United States v. Porter*, 335 F. App'x 408, 409 (5th Cir. 2009) (affirming district court's construction of movant's § 2255 motion as in "essence" a § 3582(c)(2) motion "[b]ecause Porter claimed that his sentence should be reduced based on amendments to the Sentencing Guidelines").[3]

Once so construed, the Court recommends denial of Gillispie's motion to reduce sentence. Amendment 794 addressed, by commentary modification, the mitigating role adjustment of U.S.S.G. § 3B1.2. However that change might otherwise have applied on

---

[3] Recharacterization the opposite direction creates procedural dangers, at least for first-time § 2255 filers. Thus, a court must give prior notice when deeming a § 3582 filing a § 2255 motion. *See In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002). The same concerns do not arise with the suggested recharacterization because the warren of procedural rules applicable in habeas would not attend the § 3582 context.

the merits, relief under the Amendment is not available to Gillispie. As the Sixth Circuit has clearly stated:

> The language of § 1B1.10(b)(1) is clear: if an amendment is not listed in § 1B1.10(c), it cannot be applied in a § 3582(c)(2) resentencing proceeding. Amendment 709, which Goodloe contends applies to make his three prior offenses properly scored as one, is not listed in subsection § 1B1.10(c) and thus cannot properly be applied on resentencing.

*United States v. Goodloe*, 388 F. App'x 500, 506 (6th Cir. 2010). Section 1B1.10 does not enumerate Amendment 794, "and [it] thus cannot properly be applied on resentencing."[4] *Goodloe*, 388 F. App'x at 506; *see also United States v. Watkins*, ___ F. App'x ___, No. 15-6205, 2016 WL 3924240, at *1 (6th Cir. July 21, 2016) ("If no amendment listed in § 1B1.10(d) lowers the defendant's 'applicable guideline range,' then a sentence reduction is inconsistent with § 1B1.10 and, therefore, not authorized by § 3582(c)(2)."). As such, § 3582(c)(2) forecloses relief, and the Court should deny resentencing.[5]

---

[4] Gillispie cites *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), for the proposition that Amendment 794 applies retroactively. DE #126, at 1. Gillispie's reliance on *Quintero* is misplaced. *Quintero* addressed only whether Amendment 794 applies retroactively on direct appeals, not retroactivity related to a sentencing reduction. *Quintero*, 823 F.3d at 522; *see also, e.g.*, *Young v. United States*, No. 3:16-CV-3139, 2016 WL 4472937, at *2 (C.D. Ill. Aug. 24, 2016) ("But this case is not a direct appeal; it is a collateral attack, and consequently the *Quintero-Leyva* court's reasoning does not apply here."). Again, as the Sixth Circuit has clearly stated in *Goodloe*, since Section 1B1.10 does not list Amendment 794, the amendment cannot apply retroactively on resentencing. *Goodloe*, 388 F. App'x at 506; *United States v. Yanez*, Nos. 13cr3515-LAB-1, 16cv1964-LAB, 2016 WL 4248541, at *1 (S.D. Cal. Aug. 11, 2016) ("If the Court were to construe this as a § 3582 motion, Ruano Yanez's claim fails because Amendment 794 is not retroactive for purposes of a § 3582 motion.").

[5] Notably, Gillispie used what appears to be a form Amendment 794-based § 2255 motion, and she left blank the lines for the reasons that she believes she was substantially less culpable that her Co-Defendants. *See* DE #126, at 1. Movant thus provides no particular reason or basis for the Court to conclude she would be entitled to Amendment 794 relief, even if the change properly applied to her. Gillispie had agreed that she was responsible for (using the standard conversion) an incredible **853+ kilograms** of marijuana equivalency. *See* DE #100 (PSR), at ¶ 5. The PSR details her extensive

4

III.    **RECOMMENDATION**

Per the above analysis, the Court **RECOMMENDS** that the District Judge construe the nominal § 2255 motion (DE #126) as a § 3582 motion and then **DENY** DE #126 and sentencing relief.

\* \* \* \* \*

The Court directs Gillispie to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within fourteen days after being served with a copy of this decision, Gillispie may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

To the extent required, this Recommended Disposition gives Gillispie explicit prior notice of the recommendation to recharacterize the motion and deny resentencing on the merits. *Cf. Shelton v. United States*, 800 F.3d 292, 294-96 (6th Cir. 2015) (discussing Rule 4(b) dismissal on timeliness grounds and stating: "Not only is a notice requirement compatible with the rule, it also promotes accuracy at the screening stage[.] . . . A notice requirement gives petitioners the opportunity to bring essential information

---

involvement in the underlying facts, which hardly indicate any qualifying mitigative role in the conspiracy. Judge Hood initially gave Gillispie a sentence lower than the Guideline range and has previously ordered: "A further [sentence] reduction is not warranted." DE #116 (Order).

not evident from the face of the motion to the court's attention[.]"); *Persinger v. Warden*, No. 2:15-cv-2653, 2015 WL 5385005, *3 (S.D. Ohio Sept. 14, 2015) (providing express notice of right to object to recommended summary dismissal of § 2254 petition on timeliness grounds to comply with notice requirement outlined in *Shelton*). If Gillispie has arguments to make in opposition to recharacterization and denial, she must properly object and present those arguments to the District Judge.

This the 26th day of August, 2016.

Signed By:

*Robert E. Wier*

United States Magistrate Judge